UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO.  3:11-cv-00553-JGH

KEITH CHARLES                                                                    PLAINTIFF

v.

PRINT FULFILLMENT SERVICES, LLC                                  DEFENDANT

*** *** ***

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL EXPERT
REPORT OR STRIKE PLAINTIFF'S IDENTIFIED EXPERTS**

On June 17, Plaintiff, Keith Charles, filed his expert disclosure, as required by the
Court's Scheduling Order in this matter [Docket No. 26-27].  Charles identified four expert
witnesses.  However, he produced a report for only one of those witnesses.  Pursuant to
FED. R. CIV. P. 26(a)(2)(A) and (B), Defendant Print Fulfillment Services, LLC ("PFS" or
"Defendant") moves to compel Plaintiff to produce expert reports for his other three experts,
Erica Johnson, Ray Perryman and (to the extent the court should allow him to testify as an
expert) himself.  Alternatively, if Plaintiff refuses or is unable to produce a report for these
experts, the Court should strike them pursuant to FED. R. CIV. P. 37.

## FACTS

Plaintiff, Keith Charles, worked as the Controller at PFS from October 2008 to May
2011.  In this action, he claims wrongful discharge and age discrimination under the Kentucky
Civil Rights Act.  Among the bases for his wrongful discharge claim, Charles contends that his
termination was in retaliation for complaints regarding his belief that PFS employed persons not
authorized to work in the United States.  In his expert disclosure, he identified four expert
witnesses.  He produced an expert report for only one of those experts, the accounting firm of

Mountjoy Chilton Medley, LLP (specifically John Chilton and Victoria Lange).  Because he produced a report for his accounting experts, PFS does not include them in this motion.  However, PFS does not waive the right to file further motions, including *Daubert* motions and motions in limine, relating to the subject matter and qualifications of these or any of Plaintiff's experts at the appropriate time.  For now, PFS's concern is that Plaintiff has not complied with the disclosure and report requirement of FED. R. CIV. P. 26(a) relating to his other three experts.  That is the sole focus of this motion.

The other three experts Charles identified are Erica Johnson, Ray Perryman and himself.  Again, putting aside for the moment *Daubert* issues and PFS's specific concerns with the content and scope of their testimony, Charles' disclosures for these experts did not satisfy the mandates of FED. R. CIV. P. 26(a).  Erica Johnson was a payroll clerk at PFS and worked together with Charles in his role over the accounting function at PFS.  Her employment with PFS terminated soon after Charles' employment ended.  Ray Perryman is an agent with Immigration and Customs Enforcement who oversaw an I-9 audit of PFS that took place from 2009 to 2011.  Charles, of course, is the Plaintiff in this case.[1]

## ARGUMENT

## I.   RULE 26 REQUIRES A DETAILED REPORT FROM MOST EXPERTS.

The general rule in federal court is that when a party identifies an expert witness, the disclosure "*must* be accompanied by a written report --- prepared and signed by the witness …." FED. R. CIV. P. 26(a)(2)(A) (emphasis added).   The report must include detailed information about the expert's opinions, the basis for those and other information.  It must contain:

> (i) a complete statement of all opinions the witness will express
> and the basis and reasons for them; (ii) the facts or data considered

---

[1] Charles does not have a CPA license and did not have a CPA license at the time he worked for PFS.  His license expired in 1994.

> by the witness in forming them; (iii) any exhibits that will be used
> to summarize or support them; (iv) the witness's qualifications,
> including a list of all publications authored in the previous 10
> years; (v) a list of all other cases in which, during the previous 4
> years, the witness testified as an expert at trial or by deposition;
> and (vi) a statement of the compensation to be paid for the study
> and testimony in the case.

*Id.* The purpose of the rule's detailed report requirement is to "prevent the tactic of surprise" and allow the parties to prepare their cases. *Fielden v. CSX Transp.,* 482 F.3d 866, 871 (6th Cir. 2007); *Niles v. Owensboro Medical Health Sys., Inc.*, 2011 U.S. Dist. LEXIS 82570 (W.D. Ky. July 27, 2011) (the rule aims to "eliminate 'unfair surprise' to the opposing party").[2]

The rule requires a party to produce this thorough expert report when "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." FED. R. CIV. P. 26(a)(2)(A) and (B). Only if the witness does *not* fit this description ("retained or specially employed to provide expert testimony") does the rule dispense with the requirement of a written report. *Id.* When a litigant is *not* required to submit a report for an expert, the party still must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." *Id.*(C)(i)-(iii).

The rules also offer an enforcement mechanism. FED. R. CIV. P. 37 provides that "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such a failure is harmless, permitted to use as evidence at a trial, at a hearing or on a motion any witness . . . not so disclosed." FED. R. CIV. P. 37(c)(1). Rule 37 "gives teeth" to the expert disclosure requirements of Rule 26. *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Rule 37 is a "self-executing, automatic sanction designed to provide a strong inducement for disclosure." *Id.*

---

[2] Unpublished cases appear as collective Exhibit A to this Memorandum.

Presumably, Plaintiff has not paid witnesses Perryman, Johnson or himself. However, whether a witness is compensated for his or her work is *not* dispositive in deciding whether Rule 26 requires a report. Numerous courts have found that a "retained or specially employed" expert is not necessarily limited to a witness who is paid for his or her work. While evidence that a party has not been paid to testify may suggest he was not retained under Rule 26, this fact alone is not dispositive of the issue. *Brown v. Best Foods*, 169 F.R.D. 385, 388, n.3 (N.D. Ala. 1996). Rather, courts have found that the critical issue in determining whether an expert is "retained or specially employed" is the scope of the witness' proposed testimony. *Fielden*, 482 F.3d at 871; *Harville v. Vanderbilt Univ., Inc.*, 2003 U.S. App. LEXIS 18053, *15 (6th Cir. Aug. 27, 2003) (rule focuses on the "substance of the testimony, rather than the status of the witness"). As discussed in more detail below, Plaintiff's expert disclosure indicates that he, Perryman and Johnson will each testify on topics that qualify them as retained experts. Plaintiff, therefore, was required to submit a written expert report. He should be compelled to do so. Alternatively, the Court should strike the three experts he identified who did not produce a report.

## II.  AN EXPERT WHOSE OPINIONS GO BEYOND PERSONAL KNOWLEDGE OR WERE DEVELOPED IN ANTICIPATION OF TRIAL MUST FILE A REPORT.

An expert whose proposed testimony goes beyond his own personal knowledge and experience, and/or is developed for the purpose of trial, is a retained expert who must produce a written expert report pursuant to FED. R. CIV. P. 26(a)(2). *See Mohney v. USA Hockey, Inc.*, 2005 U.S. App. LEXIS 14373, *16-17 (6th Cir. July 14, 2005); *Ridder v. City of Springfield*, 1997 U.S. App. LEXIS 5118, *12 (6th Cir. Mar. 13, 1997); *Wreath v. United States*, 161 F.R.D. 448, 450 (D. Kan. 1995). These cases, like most case law that describes the distinction between retained and non-retained experts, involve treating physicians. The Advisory Committee Notes

4

to FED. R. CIV. P. 26 suggest that treating physicians were the type of expert the drafters most had in mind in crafting Rule 26(a)(2)(B) governing non-retained (non-reporting) experts. However, the cases indicate that even *that* class of experts should not receive free rein to offer just any opinions without a report.  Instead, courts draw a firm distinction between treating physicians testifying to opinions they developed during their treatment of the litigant and opinions they developed in anticipation of trial and/or after reviewing documents and materials produced in the litigation.  If experts testify only to conclusions based on their treatment, they are not retained experts.  If they stray from that into other opinions, they are retained experts who must file a report. *See Mohney*, 2005 App. LEXIS 14373 at *17 (party must produce report if treating physician's opinion is "rendered in anticipation of litigation," rather than based on his care and treatment); *Ridder*, 1997 U.S. App. LEXIS 5118 at *13 (report required if experts "testify beyond the scope of their own diagnosis and treatment").  *See also Goodman*, 644 F.3d at 819-20 ("when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)").

*Amos v. W.L. Plastics, Inc.*, 2009 U.S. Dist. LEXIS 107271, at *6-7 (D. Ut. November 17, 2009) is one of the few cases not involving a treating physician.  In *Amos*, the court found that the expert at issue was not a retained expert because she was testifying only to her personal knowledge.  *Id*. at *5.  Specifically, the proposed expert was an employee of a manufacturer of HDPE pipe.  She proposed to testify about her own company's procedures for banding and loading HDPE pipe, and whether those procedures were based upon industry standards or safety standards.  *Id.* at *6-7.  The *Amos* court specifically noted, however, that if the expert intended to offer testimony about whether the defendant breached a standard of care,

industry standard or a safety standard, or to analyze the specific facts of the case, that her testimony would exceed the limits of FED. R. CIV. P. 26, and she would be required to submit an expert report.  *Id*.

## III.   PLAINTIFF'S EXPERTS ARE RETAINED EXPERTS AND MUST SUBMIT A REPORT.

Here, based upon Charles' description of his own proposed testimony, Plaintiff intends to testify as an expert on topics that extend well beyond his personal knowledge gained as a PFS employee.  Plaintiff states that his proposed testimony is partly "offered based upon his professional education and experience in the field of Accounting."  He also asserts that "[h]is opinion is further based upon his examination of Defendant's records, depositions of Defendant's employees, and document production" [Plaintiff's Expert Disclosure, DN 27 at p.2, ¶1(b)].  It is clear, therefore, that Plaintiff's testimony, while partially based on his employment experience, is primarily based upon knowledge gleaned from PFS during the litigation process in preparation for trial.  *See Amos* at *7.   Indeed, Plaintiff identifies several topics upon which he intends to testify that go well beyond his personal knowledge as a PFS employee:

- That PFS violated "both Kentucky and Federal tax, immigration and criminal laws."

- That Defendant "violated the stated Kentucky and Federal tax withholding and enforcement provision laws."

- That Defendant improperly required him to issue checks "in violation of The Immigration Reform and Control Act of 1986."

[DN 27 p.2, ¶1(a)].

His expert disclosures leave no doubt that Charles intends to use the documents produced and information he learned in this litigation, combined with his accounting knowledge, to analyze the facts and render ultimate opinions on whether PFS breached various laws.  Putting aside his obvious lack of qualifications to render legal conclusions about violation of statutes

6

such as the Immigration Reform and Control Act, Plaintiff admits his reliance on information obtained during the discovery process.  He admits to using his qualifications in the field of accounting to analyze that discovery information and offer opinions as to whether PFS acted within the bounds of state and federal statutes with respect to certain alleged payroll practices. Plaintiff's proposed testimony therefore renders him a retained expert.  Accordingly, he should be required to submit a written report under FED. R. CIV. P. 26.

Similar to Plaintiff, Johnson's proposed testimony extends beyond her personal knowledge as a former employee of PFS.  Plaintiff notes that Johnson will testify "based upon standard accounting practices, and based upon her professional education and experience in the field of Accounting" [DN 27, p.3, ¶ 2(b)].  Johnson is not limiting her testimony to describing standard accounting practices as the non-retained expert in *Amos* did.  Johnson is also not limiting her testimony to facts she learned as a result of her employment with PFS.  Rather, Johnson's testimony will compare alleged standard accounting practices with PFS' practices in an attempt to describe for the jury why Johnson claims PFS' actions violate state and federal law  [DN 27, p.3, ¶ 2(a)(b)].  It is the *application* of these standard accounting practices to PFS' practices that extend Johnson's testimony beyond that of a non-retained expert into a retained expert who must provide a written expert report.  *Amos* at *7.

As mentioned, Ray Perryman is the ICE Agent who oversaw the I-9 audit of PFS from 2009 to 2011.  Plaintiff's disclosures are vague as to the testimony Charles intends to offer through Perryman.  However, since there has been no report, the Court should issue an order that confines Perryman to testifying about the course of the investigation.  Without a report, he should not be permitted to offer opinions crafted specifically for this litigation or opinions that are based on reviewing facts and documents that were not part of his investigation.

7

## CONCLUSION

Plaintiff's self-serving characterization of himself, Perryman and Johnson as non-retained experts is insufficient to support his refusal to submit written expert reports from these witnesses. The proposed testimony of these three witnesses exceeds their personal knowledge, is based on discovery information and/or was prepared in anticipation of litigation.    Accordingly, all three witnesses qualify as retained experts, and are subject to the written report requirement contained in FED. R. CIV. P. 26.   For these reasons, PFS respectfully requests that the Court grant its Motion to Compel in its entirety, or strike the three witnesses from Charles' expert disclosures pursuant to FED. R. CIV. P. 37.

## LR 37.1 CERTIFICATION

Pursuant to Local Rule 37.1, the undersigned has communicated to Plaintiff's counsel in an attempt to resolve this issue extra-judicially.  Counsel has not responded to the undersigned's communication relating to these issues.

*s / Cynthia Blevins Doll*
Cynthia Blevins Doll
Wendy C. Hyland
FISHER & PHILLIPS LLP
220 W. Main Street, Suite 2000
Louisville, KY  40202
(502) 561-3990

COUNSEL FOR DEFENDANT

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 18, 2013, a true and correct copy of the foregoing was electronically filed with the U.S. District Court and served electronically upon Plaintiff's counsel of record.

Callie E. Walton, Esq.
GOLDBERG & SIMPSON LLC
9301 Dayflower Street
Prospect, Kentucky 40059
Phone: (502) 589-4440
Fax:    (502) 581-1344
Email:  cwalton@goldbergsimpson.com

COUNSEL FOR PLAINTIFF

*s / Cynthia Blevins Doll*

Louisville100258.1