# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

KEITH CHARLES                                                    **PLAINTIFF**

v.                                              **CIVIL CASE NO.  3:11-CV-553-H**

PRINT FULFILLMENT SERVICES, LLC                                 **DEFENDANT**

## <u>MEMORANDUM OPINION</u>

The plaintiff, Keith Charles, has filed a motion to compel production of the United States Immigration and Customs Enforcement ("ICE") documents pertaining to its 2009 investigation of the defendant, Print Fulfillment Services, LLC, and also to compel deposition testimony by a retired special agent who oversaw that investigation.  (Docket no. 51).  Both the United States and Print Fulfillment have objected to this motion and, for the reasons stated herein, the court finds their objections to be well taken.

## I.

In December 2013, Mr. Charles's counsel sent a letter and a subpoena to the office of the chief counsel for ICE.  A few months later an ICE attorney responded, first by telephone and then by letter, and informed Mr. Charles's counsel that the United States would not comply with the subpoena.  The primary reason stated in the letter was the United States is not a party to this action, but the letter also listed eight other factors specified in 6 C.F.R. § 5.48(a), which greatly limits the circumstances under which an agency may produce documents or permit an employee to be deposed.[1]  The letter did not identify with particularity which of those eight factors ICE deemed appropriate reasons for refusing Mr. Charles's requests, nor did it mention other

---

[1] This court cannot enforce a subpoena against an employee of the federal governmental agency when the agency has validly promulgated a regulation (such as 6 C.F.R. § 5.48(a)), that withdraws from employees the power to produce documents or be deposed. *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 467–69 (1951); *see also Rimmer v. Holder,* 700 F.3d 246, 262-63 (6th Cir. 2012).

regulations, such as 6 C.F.R. §§ 5.44 and 5.49 (generally proscribing submission to subpoenas absent specific authorization from the agency's Office of the General Counsel). In its objection to Mr. Charles's motion to compel, however, the United States relied on several of those reasons enumerated in 6 C.F.R. § 5.48(a), including that compliance with the subpoena would require agency employees to spend time, energy, and the United States' money in furtherance of purely private purposes; would require the agency to become involved in issues in controversy that are not at all related to its mission; and could lead to the appearance of agency partiality with respect to private litigants in a case in which no substantial government interest is implicated. *See* 6 C.F.R. § 5.48(a)(5), (6) and (8).

In addition the defendant has repeatedly stated it has produced its entire file (absent attorney-client privileged information) related to the 2009 ICE investigation overseen by Mr. Perryman, including all of Mr. Perryman's correspondence to the defendant. And, each side has already identified at least one non-agency expert capable of testifying regarding immigration laws and regulations.

## II.

The question for this court is a narrow one: Was the agency's decision not to produce documents, or permit one of its current or former employees to testify in this matter, an arbitrary and capricious abuse of discretion? The court finds that it was not. Were an ICE agent to testify as an expert witness on behalf of either party, the impartiality of the agency would rightly be questioned, for this matter concerns a dispute between two private parties, and neither ICE in particular or the United States generally has any interest in the outcome of the litigation.

Nor has there been any showing that Mr. Charles has any "exceptional need" that might provide a basis for the court to require ICE to comply with his requests. *See, e.g.,* 6 C.F.R. § 5.49. Almost all of the documents sought from ICE have been produced by the defendant, and

Mr. Charles has already retained the services of another witness capable of providing expert testimony regarding federal immigration laws generally and the defendant's compliance (or lack thereof). Thus, the little to be gained by Mr. Charles is so modest in comparison to the much larger potential financial and other costs to the government that this court cannot deem the agency's refusals to be an improper exercise of the agency's discretion.

Accordingly, the court will enter a separate order denying Mr. Charles's motion to compel.

DATE:

cc: Counsel of Record