# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION
# CIVIL ACTION NO. 3:11-CV-00553-TBR

KEITH CHARLES,                                                                              Plaintiff,

v.

PRINT FULFILLMENT SERVICES, LLC,                                            Defendant.

## MEMORANDUM OPINION AND ORDER

In *Charles v. Print Fulfillment Services, LLC*, No. 3:11-CV-00553-TBR, 2015 WL 5786817 (W.D. Ky. Sept. 30, 2015), the Court granted summary judgment in favor of Defendant Print Fulfillment Services, LLC. Now, PFS asks the Clerk of the Court to tax costs against Plaintiff Keith Charles in the amount of $6,984.10. Charles objects. Because PFS is entitled to most—but not all—of its claimed costs, Charles' Objection to Defendant's Bill of Costs (R. 96) is **SUSTAINED IN PART** and **OVERRULED IN PART**.

## I.

Federal Rule of Civil Procedure 54(d)(1) allows the Court, in its discretion, to award costs to a prevailing party.[1]  *See* Fed. R. Civ. P. 54(d)(1).  28 U.S.C. § 1920

---

[1] The usual procedure regarding a bill of costs is for the Clerk of the Court to tax costs on fourteen days' notice. *See* Fed. R. Civ. P. 54(d)(1); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, ––– U.S. ––––, 132 S. Ct. 1997 (2012). Once the Clerk has taxed costs, Civil Rule 54(d)(1) affords the parties seven days to file a motion for judicial review of the Clerk's action. *See* Fed. R. Civ. P. 54(d)(1); *BDT Prods.*, 405 F.3d at 417. When such a motion is made, the function of the Court in the process is merely to review the determination of the Clerk. *See BDT Prods.*, 405 F.3d at 417. *See generally* Charles Alan Wright et al., 10 *Federal Practice and Procedure* § 2679 (3d ed.), Westlaw (database updated April 2015).

Resolution of costs prior to taxation by the Clerk, then, is unusual. However, the Court "has the inherent and statutory authority to act on motions related to costs prior to any action by the [Clerk] based on the permissive language of Rule 54, the language of § 1920, and the fact that any decision by the [Clerk] would [be] subject to *de novo* review." *BDT Prods.*, 405 F.3d at 418–19. In this case, rather than await the Clerk's initial assessment, the Court will review the bill of costs in the first instance. *See, e.g.*, *ShieldMark, Inc. v. InSite Solutions, LLC*, Nos. 1:12-CV-223, 1:13-CV-572, 2014 WL 1235913, at *1 n.1 (N.D. Ohio Mar. 25, 2014); *Norton v. Canadian Am. Tank Lines*, Civil Action No. 06-411-C, 2009 WL 3172105, at *1

defines the term "costs" as used in Civil Rule 54(d)(1). *See Taniguchi v. Kan Pac. Saipan, Ltd.*, ––– U.S. ––––, ––––, 132 S. Ct. 1997, 2001 (2012) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). To be taxable against the losing party, the cost item must be provided for in § 1920 and must be reasonable and necessary in amount. *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 417 (6th Cir. 2005) (citing *Baker v. First Tenn. Bank Nat'l Ass'n*, 142 F.3d 431, 1998 WL 136560, at *2 (6th Cir. 1998) (unpublished table disposition)), *abrogated on other grounds by Taniguchi*, ––– U.S. ––––, 132 S. Ct. 1997; *see also Banks v. Bosch Rexroth Corp.*, 611 F. App'x 858, 860 (6th Cir. 2015). Because costs are presumptively awarded, the objecting party bears the burden of persuading the Court that an award is improper. *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001).

## II.

Charles objects to two categories of charges on PFS's bill of costs. To start, he disputes costs associated with seven depositions as unnecessary, purely investigative, improperly taken, or unduly prolonged. R. 96 at 2–3 (Objection to Defendant's Bill of Costs). Next, he takes issue with certain in-house copying expenses because PFS submitted little to no documentation in support. *Id.* at 3. Each objection has some merit.

### A.

#### 1.

PFS seeks to recoup its costs related to obtaining copies of Paul Barnum, Brett Heap, Lisa Galvan, and Robert "Dale" Miller's deposition transcripts—a request to which Charles objects. *Id.* at 2. "Ordinarily, the costs of taking and transcribing

---

n.1 (W.D. Ky. Sept. 29, 2009); *McKeown v. Hairston*, No. 05-73244, 2008 WL 2067015, at *1 n.1 (E.D. Mich. May 15, 2008).

depositions reasonably necessary for litigation are allowed to the prevailing party." *Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989). Charles does not dispute that general proposition. Instead, he argues that PFS employed all four in some capacity, so deposition transcripts were unnecessary to prosecute this case. R. 96 at 2. The Court concludes otherwise.

The deposition transcripts were necessary for PFS to draft its motion for summary judgment. PFS's motion for summary judgment repeatedly cited and directly quoted from the depositions of these witnesses, all of whom Charles noticed in the first place. *See Miles Farm Supply, LLC v. Helena Chem. Co.*, No. 4:06-CV-23-R, 2008 WL 4561574, at *2 (W.D. Ky. Oct. 10, 2008). Indeed, the Court relied on all but one in its opinion granting summary judgment to PFS. "[I]t is routine for courts to tax the costs of depositions used in summary judgment motions that ultimately resolve the case without need for a trial." *Ashland Hosp. Corp. v. RLI Ins. Co.*, Civil Action No. 13-143-DLB-EBA, 2015 WL 5063184, at *2 (E.D. Ky. Aug. 26, 2015) (citing *Johnson v. Metro Gov't of Nashville & Davidson Cty.*, 502 F. App'x 523, 543–44 (6th Cir. 2012); *Banks*, 611 F. App'x at 860); *see also Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). The fact that the deponents were PFS's employees or agents is of little to no consequence. *See, e.g.*, *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998); *Lilly v. City of Clarksville*, No. 3:10-1178, 2013 WL 4048536, at *5 (M.D. Tenn. Aug. 9, 2013), *adopted by* 2013 WL 4759266 (M.D. Tenn. Sept. 4, 2013). Accordingly, the Court finds that copies of these deposition transcripts were reasonably necessary and properly taxable against Charles.

**2.**

In addition, Charles says obtaining a copy of Dr. Andrew T. Cobb's deposition transcript was unnecessary and not taxable. *See* R. 96 at 3. He emphasizes that PFS never cited to Dr. Cobb's deposition transcript in its summary judgment motion or any other filing. *Id.* PFS concedes that fact, *see* R. 98 at 5, but points out that necessity must be "determined as of the time of taking [the deposition], and the fact that a deposition is not actually used" for summary judgment purposes "is not controlling." *Sales*, 873 F.2d at 120 (citing *LaVay Corp. v. Dominion Fed. Sav. & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987)); *see also Sutter v. Gen. Motors Corp.*, 100 F. App'x 472, 475 (6th Cir. 2004). Even so, the Court agrees with Charles.

The relevance of Dr. Cobb's testimony and necessity for a copy of his deposition transcript are unclear. PFS retained Dr. Cobb as a forensic computer expert "to testify that Charles used his computer at PFS to browse job search websites numerous times and even to submit applications for employment elsewhere" prior to his termination. R. 98 at 5; *see also* R. 30-1 (Dr. Cobb's Report). PFS does not elaborate on how such matters pertain to this litigation or how it planned to use Dr. Cobb's deposition transcript at trial (or otherwise). To the Court's knowledge, neither party has filed a copy of that transcript in the record either. From all appearances, then, the relevance of Dr. Cobb's testimony seems marginal—even at the time of taking the deposition. *See* R. 96 at 3. Because PFS has not provided the Court with any other evidence that Dr. Cobb's deposition transcript was necessarily obtained for use in the case, the Court shall deny costs for it. *See Youssef v. FBI*, 762 F. Supp. 2d 76, 86 (D.D.C. 2011) *aff'd in part on other grounds*, 687 F.3d 397 (D.C. Cir. 2012).

4

**3.**

Next, Charles takes issue with the deposition of Erica Johnson. *See* R. 96 at 3. Charles suggests that PFS "unreasonably and unnecessarily prolonged" her deposition with "repetitive and argumentative" questioning. *Id.* (citing R. 75-1 at 231–37 (Johnson's Deposition)). Having reviewed Johnson's deposition, the Court disagrees. The attorneys for both sides are zealous advocates. Johnson's deposition transcript reflects that—not ill motive or bad faith. Consequently, the Court overrules Charles' objection.

**4.**

Charles also objects to the transcript charge associated with his second deposition, which he characterizes as unnecessary, unreasonable, and repetitive of his testimony two years earlier. *Id.* "If it had been feasible to obtain the pertinent information from [Charles] in a single deposition, taxing the costs of the second deposition would be inappropriate." *Banks*, 611 F. App'x at 860. Charles, however, has made no such showing.

Following his first deposition, *see* R. 49 at 1 (Notice of Charles' First Deposition), Charles designated himself as an expert witness, *see* R. 27 at 1 (Charles' Expert Witness Disclosure), and PFS discovered new evidence relevant to its "after-acquired" evidence defense, *see* R. 98 at 5–6. In either event, re-deposing Charles appears reasonable. *Cf. Morrison v. Stephenson*, No. 2:06-CV-0283, 2008 WL 145017, at *2 (S.D. Ohio Jan. 10, 2008) ("Typically, if, after a witness is deposed, new information comes to light relating to the subject of that deposition, new parties are added to the case, new allegations are made in pleadings, or new documents are produced, the witness may be re-deposed with

respect to these new developments." (citing *Keck v. Union Bank of Switz.*, No. 94CIV.4912(AGS)(JCF), 1997 WL 411931 (S.D.N.Y. July 22, 1997))). Moreover, as before, the Court relied on Charles' second deposition transcript to resolve PFS's motion for summary judgment. *See Arrambide*, 33 F. App'x at 203. Therefore, the Court will tax the costs related to Charles' second deposition as reasonably necessary to this litigation.

**B.**

Charles also objects to charges for in-house copying because PFS has not articulated why those copies were reasonable and necessarily obtained for use in this case. *See* R. 96 at 3. Generally speaking, the Court may tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case," 28 U.S.C. § 1920(4), including "copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration." *Jordan v. Vercoe*, 966 F.2d 1452, 1992 WL 96348, at *1 (6th Cir. 1992) (unpublished table decision) (citing *Fressell v. AT & T Techs., Inc.*, 103 F.R.D. 111, 115–16 (N.D. Ga. 1984)). However, the Court should not be a "simple rubber stamp" for photocopying expenses. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1151 (6th Cir. 1998). Instead, the prevailing party must "provide sufficient detail and sufficient documentation regarding those costs in order to permit challenges by opposing counsel and meaningful review by the Court." *Huntsville Golf Dev., Inc. v. Brindley Constr. Co.*, No. 1-08-00006, 2011 WL 4960421, at *4 (M.D. Tenn. Oct. 18, 2011) (quoting *Vistein v. Am. Registry of Radiologic Technologists*, No. 1:05-CV-2441, 2010 WL 918081, at *4 (N.D. Ohio Mar. 10, 2010)) (internal quotation marks omitted).

Here, the document provided does not describe what PFS photocopied or how the photocopies were used. *See* R. 95-1 at 1 (Printing and Copying Fees Summary). Rather, the document simply lists the number of pages copied and the cost per page. *Id.* PFS attempts to explain the necessity of those costs in its brief, vaguely attributing the charged amount to copies of documents that it intended to use at trial or otherwise in defense to this action. *See* R. 98 at 6. Without more information, however, this Court lacks sufficient information to assess how the copies were reasonably necessary for trial. *See King v. Gowdy*, 268 F. App'x 389, 391 (6th Cir. 2008); *Smith v. Joy Techs., Inc.*, No. CIV. 11-270-ART, 2015 WL 428115, at *6 (E.D. Ky. Feb. 2, 2015); *Thompson, I.G., L.L.C. v. Edgetech, I.G., Inc.*, No. 11-12839, 2014 WL 764629, at *2 (E.D. Mich. Feb. 25, 2014); *Conn v. Zakharov*, No. 1:09-CV-0760, 2010 WL 2293133, at *3 (N.D. Ohio June 4, 2010); *see also Miles Farm Supply*, 2008 WL 4561574, at *5; *Hall v. Ohio Educ. Ass'n*, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997). Accordingly, the Court will not tax the $178.75 claimed as copying expenses.

### III.

**IT IS HEREBY ORDERED** that Plaintiff Keith Charles' Objection to Defendant's Bills of Costs (R. 96) is **SUSTAINED IN PART** and **OVERRULED IN PART**. The fees of the Clerk of the Court ($350.00) and the costs related to the depositions of Keith Charles ($1,648.95), Paul C. Barnum ($364.90), Brett Heap ($272.30), John Chilton ($962.25), Lisa M. Galvan ($352.20), Marwan Khalifa ($696.80), Erica Johnson ($1,656.70), and Robert "Dale" Miller ($301.65) **SHALL BE TAXED**. The costs related to the deposition of Dr. Andrew T. Cobb ($199.60) and the costs for making copies of unspecified materials ($178.75) **SHALL NOT BE TAXED**.

8

Costs are **TAXED** in the amount of $6,605.75 and included in the Court's Judgment of September 30, 2015.

      **IT IS SO ORDERED.**

Date:

cc:     Counsel of Record